# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY EIL ROMO, | ) | Case No. EDCV 09-1356-JEM |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | REVERSING DECISION OF |
| | ) | COMMISSIONER OF SOCIAL SECURITY |
| MICHAEL J. ASTRUE, | ) | AND REMANDING FOR FURTHER |
| Commissioner of Social Security, | ) | PROCEEDINGS |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

**PROCEEDINGS**

On July 17, 2009, Nancy Eil Romo ("Plaintiff" or "Claimant" or "Romo") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for both Social Security disability insurance benefits and Supplemental Security Income.  The Commissioner filed an Answer on November 16, 2009.  On January 21, 2010, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge.  The matter is now ready for decision.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff is a 57 year old female who was determined to have the medically determinable severe impairments of lower extremity cellulitis, obesity, right shoulder rotator cuff tear, hypertension, and pain.  (AR 12.)  Plaintiff has not engaged in substantial gainful activity since October 4, 2006, the alleged onset date.  (AR 12.)

Plaintiff's claim was denied initially on February 21, 2007, and on reconsideration on March 22, 2007.  (AR 10.)  She filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Thomas Gaye on December 8, 2009, in San Bernardino, California.  (AR 10, 16.)  Claimant appeared and testified.  (AR 10.)  So did vocational expert Troy Scott.  (AR 10).

The ALJ issued an unfavorable decision on March 16, 2000.  (AR 10-16.)  The ALJ determined that Plaintiff had the residual functional capacity ("RFC")[1] to perform her past relevant work as a telephone order clerk and thus is not disabled within the meaning of the Social Security Act.  (AR 16.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that Plaintiff raises as grounds for reversal are as follows:

1.  Whether the ALJ has properly considered all of the relevant medical evidence of record in addressing Plaintiff's residual functional capacity?

2.  Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed Plaintiff's credibility?

3.  Whether the ALJ has properly considered the relevant vocational evidence of record?

_____

[1]   Residual functional capacity is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotations and citation omitted).  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantially gainful activity, disability benefits will be denied.

Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

In this case, the ALJ concluded at step four of the sequential process that Plaintiff can perform her prior relevant work as a telephone order clerk and therefore is not disabled within the meaning of the Social Security Act.  (AR 16.)

///

///

**DISCUSSION**

The ALJ's RFC is legally flawed because the ALJ failed to assess the severity of Plaintiff's edema or to discuss or even mention a significant functional limitation that Plaintiff alleges is caused by her edema.  Specifically, Plaintiff alleges that she must elevate her legs often to relieve the swelling and pain caused by the edema in her legs.

The ALJ also erred in discounting Plaintiff's credibility for the same reason.  Plaintiff's edema limitation must be credited.  The vocational expert testified that Plaintiff could not perform her prior relevant work as a telephone order clerk if the edema limitation is accepted.  Plaintiff, then, met her burden to establish a prima facie case of disability at step four of the sequential evaluation process.

**A.      The ALJ's RFC Assessment Failed To Consider Plaintiff's Edema Limitation**

Claimant alleged disability on the basis of low back problems, sciatica, cellulitis, hyperthyroid, high blood pressure, water retention, depression, memory loss, edema, and obesity.  (AR 13.)  The ALJ determined that Plaintiff had the medically determinable severe impairments of lower extremity cellulitis, obesity, right shoulder rotator cuff tear, hypertension, and pain.  (AR 12.)  The ALJ also determined that Plaintiff's diagnosed depressive disorder was not severe.  (AR 12-13.)

Notwithstanding her severe medical impairments, the ALJ assessed Claimant as having the RFC to perform sedentary work, except with frequent fine and gross manipulation.  (AR 13.)  Based on that RFC, the vocational expert testified that Plaintiff could perform her prior relevant work as a telephone order clerk.  The ALJ then determined that Plaintiff could perform her prior work as actually and generally performed.  (AR 16.)

The ALJ's RFC assessment and step four prior relevant work determination are legally in error because they fail to address Plaintiff's edema and edema limitations.  The edema is well documented in the medical records that indicate frequent ER visits and hospitalizations for the condition.  (AR 170, 200, 204, 301, 310, 322, 323, 328, 332, 342,

345, 358, 359.)  A treating physician recommended "Cont. Current med., elevate LLE/RUE & rest."  (AR 359.)

Plaintiff repeatedly presented the edema issue.  In 2006, she stated her feet and legs "swell up sitting or standing long periods of time."  (AR 121.)  In a May 4, 2007, treatment note, Plaintiff was reported as saying "My water pills aren't working" and "My legs are double their normal size."  (AR 310.)  At a hospital admission on June 26, 2007, Plaintiff reported worsening lower leg pain, and that "sitting and her legs hanging make the pain worse."  (AR 332.)  At the hearing, Plaintiff explicitly stated that she was unable to work because of the swelling in her legs.  (AR 39.)  She also testified that she elevates her legs to relieve the swelling and pain in her feet and legs.  (AR 42-43.)  She cannot go from breakfast to dinner without elevating her legs.  (AR 43.)  A third party function report indicated that Plaintiff had "extreme leg swellings" (AR 106) and "has to elevate feet often due to swelling."  (AR 105.)

The vocational expert testified that, if Plaintiff's alleged edema limitation were accepted, Plaintiff would not be able to perform her prior relevant work as a telephone order clerk:

> Q.   Mr. Scott, if the individual were required to elevate their legs say 50% of the time at the hip level, would that be accommodated in that, in, in that occupation?
>
> A.   As an order clerk, that would be a very difficult accommodation.
>
> Q.   Okay, does, is, does that basically take someone out of the, out of, kind of what we would say a working posture?
>
> A.   It, it would, that's a pretty high elevation.
>
> Q.   Okay, all right.
>
> A.   — I mean, if you're talking about hip, —
>
> Q.   Straight out —
>
> A.   — Yeah.

1    Q.    — from the, their tail bone basically, okay.

2    A.    Yes.

3    Q.    All right, To that end, and I would assume that they were talking

4          extra unscheduled breaks accumulating to about four hours out of

5          the work week, that would also eliminate that job?

6    A.    It would, yes.

7    (AR 47-48.)

8          The ALJ opinion repeatedly acknowledges Plaintiff's edema.  The ALJ notes that

9    Plaintiff testified that she is not working "because both her legs swell."  (AR 13.)  The ALJ

10   reports a hospitalization in October 2006 for "pain and swelling in the left lower extremity."

11   (AR 14.)  "Physical examination was notable for 2+ pitting edema and tenderness in both

12   lower extremities."  (AR 14.)  A week later, Plaintiff returned to the emergency room for

13   edema and was found to have 2+ pitting edema of the left foot.  (AR 14.)  The ALJ reports

14   another ER visit for lower left leg swelling in June, 2007.  (AR 15.)

15         Yet the ALJ opinion never addresses the severity of Plaintiff's edema.  The ALJ

16   determined that Plaintiff's mental impairments were not severe but never indicates whether

17   her edema is severe or nonsevere as he is required to do at step two of the sequential

18   process.  Parra, 481 F.3d at 746.  Nor does the ALJ opinion address the limitations

19   allegedly caused by Plaintiff's edema.  Indeed, the ALJ opinion confuses or conflates

20   Plaintiff's edema with separate medical impairments like cellulitis, partial thrombosis,

21   possible congestive heart failure, and back pain.  (AR 13-15.)  The Commissioner makes

22   the same mistake in his portion of the JS by asserting that the edema was not exacerbated

23   or serious (the ALJ opinion does not say this) because an ultrasound revealed no deep vein

24   thrombosis.  (JS 7.)  Edema is a swelling of the tissues due to fluid retention; thrombosis is

25   about venous insufficiency.

26         The fact that other impairments are not severe does not prove anything about

27   Plaintiff's edema or relieve the ALJ of his duty to discuss it.  The swelling in Plaintiff's legs is

28

1   not a subjective pain symptom but an observable, medically documented physical condition

2   that the ALJ was obliged to assess and consider.  Levin v. Schweiker, 654 F.2d 631, 634-

3   35, esp. 634 n. 7 (9th Cir. 1981) (ALJ must make "full and detailed findings of fact"

4   supporting his ultimate determination of disability).

5          Most important, the ALJ opinion never even mentions Plaintiff's allegation that she

6   has to elevate her legs to relieve the swelling and pain in her legs.  This omission is

7   inexplicable in view of the testimony at the hearing of both Plaintiff and the vocational

8   expert.  The ALJ is not required to discuss every piece of evidence or address every issue

9   but must explain why significant probative evidence has been rejected.  Vincent v. Heckler,

10  739 F.2d 1393, 1394-95 (9th Cir. 1984).  Here, the ALJ implicitly rejected Plaintiff's

11  edema limitation but never explains why.  The vocational expert testified that, if the alleged

12  limitation were accepted, Plaintiff could not perform her past relevant work.  Obviously, the

13  edema limitation was significant and the ALJ should have addressed it.  The reviewing

14  physicians on whom the ALJ relies (AR 15) also do not discuss the limitation alleged by

15  Plaintiff.  (AR 225-29, 288-89.)

16         The Commissioner mistakenly asserts that "Plaintiff's cellulitis of leg and edema were

17  resolved."  (JS 9.)  The ALJ opinion does not contain such a finding and this Court cannot

18  consider reasons not advanced by the ALJ.  Connett v. Barnhart, 340 F.3d 871, 874 (9th

19  Cir. 2003) (district court constrained to review only reasons asserted by the ALJ).  The only

20  record evidence is a reviewing physician's opinion that the cellulitis was resolved.  (AR 229.)

21  There is no mention in the record or in the ALJ opinion of Plaintiff's edema resolving.     The

22  ALJ opinion also found that Plaintiff's daily activities are "inconsistent with disabling levels of

23  pain and limitation."  (AR 15.)  This conclusion, however, is undermined by the ALJ's failure

24  to assess the severity of Plaintiff's edema or to consider Plaintiff's alleged need to elevate

25  her legs often to relieve the swelling and pain in her legs.  Also, as the Commissioner

26  himself acknowledges, a claimant need not be totally incapacitated to be eligible for

27  benefits.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  Here, Plaintiff's need to elevate

28

her legs periodically is not inconsistent with the daily activities cited.  Additionally, the ALJ overstates the extent of these activities in saying that Plaintiff's hobbies include "playing pool."  (AR 15.)  To the contrary, the record clearly indicates that Plaintiff only <u>watched</u> pool tournaments and people playing pool.  (AR 128.)

The ALJ's RFC assessment and step four prior relevant work determination are deficient because they fail to address Plaintiff's edema, to present adequate reasons for rejecting the edema evidence and to discuss at all Plaintiff's alleged need to elevate her legs frequently.  The ALJ's step four determination must be reversed.

### B. The ALJ Improperly Discounted Plaintiff's Subjective Pain Testimony

Plaintiff alleges that the ALJ failed to consider Plaintiff's statements that she must lay down and elevate her legs to relieve the pain and swelling from her edema.  As a result, the ALJ improperly discounted Plaintiff's credibility.  Plaintiff is correct.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 346 (9th Cir. 1991); <u>see also</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1281-82 esp. n.2 (9th Cir. 1996).  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  <u>Reddick</u>, 157 F.3d at 722; <u>Bunnell</u>, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  <u>Bunnell</u>, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  <u>Thomas v. Barnhart</u>, 278 F.3d 949, 958 (9th Cir. 2002); <u>see also</u> <u>Rollins v. Massanari</u>, 261 F.3d 853, 856-57 (9th Cir. 2001); <u>Bunnell</u>, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by making "specific findings stating clear and convincing reasons for doing so."  <u>Smolen</u>, 80 F.3d at

1   1284 (citation omitted); see also Reddick, 157 F.3d at 722.  The ALJ must identify what

2   testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at

3   722; Smolen, 80 F.3d at 1284.

4          In this case, the ALJ concluded that the Claimant's medically determinable

5   impairments reasonably could be expected to cause the alleged symptoms but the

6   symptoms are not credible to the extent inconsistent with the assessed RFC.  (AR 15.)

7   There was no finding, evidence or assertion that Plaintiff was malingering.  Thus, the ALJ

8   was required to offer specific, clear and convincing reasons for discounting Plaintiff's pain

9   symptoms.

10         The ALJ decision does not meet this high standard.  The ALJ advances several

11   reasons for finding Claimant's pain symptoms "not credible" to the extent inconsistent with

12   the RFC.  (AR 15.)  None of the proffered reasons are clear and convincing.

13         First, the ALJ found that Plaintiff lacks credibility because the objective medical

14   evidence is inconsistent with allegations of disabling pain and limitations.  (AR 15.)  The lack

15   of objective medical evidence, even if true, would not be dispositive as a matter of law.

16   Bunnell, 947 F.2d at 345 ("once the claimant produces objective evidence of an underlying

17   impairment, an adjudicator may not reject a claimant's subjective complaints based solely

18   on a lack of objective evidence"); Rollins, 261 F.3d at 857 (subjective testimony cannot be

19   rejected on "sole" ground that objective medical evidence is lacking).  There must be other

20   evidence to support rejection of Plaintiff's subjective symptoms.  Although medical evidence

21   is nonetheless a relevant if not dispositive factor (Rollins, 261 F.3d at 857; Smolen, 80 F.3d

22   at 1285), in this case there is medical evidence of edema and severe swelling.  Most

23   importantly, the ALJ failed to address at all Plaintiff's alleged edema limitation.

24         Second, the ALJ's argument that Plaintiff's daily activities are inconsistent with the

25   alleged limitation already has been rejected.  Again, the ALJ failed to address Plaintiff's

26   edema limitation directly.

27

28

Third, the Commissioner's additional arguments concerning back problems and mental impairments (JS 15-17) do not bear on Plaintiff's edema pain and edema limitation.

Fourth, the Commissioner's contention that Plaintiff failed to meet her burden of proving the edema limitation is mistaken.  There is medical evidence that establishes persistent edema and a treating physician's recommendation to elevate her legs, which never were addressed by the ALJ or by the reviewing physicians.  (AR 288-89, 359.)

The ALJ failed to offer clear and convincing evidence to support rejection of Plaintiff's pain and limitations due to edema, which must be accepted.  The vocational expert testified that, if Plaintiff's edema limitation is accepted, she cannot perform her prior relevant work. (AR 47-48.)  Thus, Plaintiff has satisfied her prima facie burden to prove she is disabled.

## DISPOSITION

The only remaining question is whether this case should be remanded for further proceedings or for an immediate award of benefits.  Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision and where the record should be developed more fully.  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the ALJ resolved the case at step four of the sequential evaluation process, concluding that Plaintiff could perform her prior relevant work.  Consequently, the ALJ never reached step five of the sequential evaluation process or determined whether there are other jobs in the national economy that Plaintiff could perform.  Thus, the matter will be reversed and remanded for further proceedings, limited solely to the step five determination of whether there are other jobs in the national economy that Plaintiff can perform.

///

///

///

///

11

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding for further proceedings in accordance with this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: <u>August 26, 2010</u>                    <u>        /s/ John E. McDermott        </u>
                                                          JOHN E. MCDERMOTT
                                                 UNITED STATES MAGISTRATE JUDGE